UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in <br><br> UNITED STATES OF AMERICA <br> c/o Office of the U.S. Attorney <br> 555 4th Street, N.W. <br> Civil Division <br> Washington, DC  20530 <br><br> v. <br><br> JOSEPH GREENE <br> c/o Jason Tulley, Esq. <br> Public Defender Service <br> 633 Indiana Avenue N.W. <br> Washington DC  20004 <br><br> Defendant. | Misc. No. _____ |

### NOTICE OF REMOVAL OF SUBPOENA

The United States Attorney, through the undersigned attorneys, and on behalf of the Court Services and Offender Supervision Agency ("CSOSA" or "Agency") and its custodian of records, respectfully files this Notice Of Removal Of Subpoena pursuant to 28 U.S.C. §§ 1442(a)(1), 1446, Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995), and Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996).  In support of this notice, the agency states as follows:

1.   CSOSA has been issued a subpoena duces tecum by counsel for Joseph Greene, requesting an appearance by an unspecified CSOSA Custodian Of Records who is instructed by the subpoena to bring records pertaining to an individual.  The subpoena purports to call for the testimony and documents in the Superior Court of the District of Columbia in the matter of United States v. Joseph

Greene, Case No. 2007-CF3-7845.

2. A copy of the subpoena, redacted pursuant to Local Civ. Rule 5.4(f), with CSOSA's April 25, 2008 response is attached hereto.

3. CSOSA intends to move to quash, relying on federal law, upon the removal of this action, if the litigants are unable to resolve the matter by other means.

WHEREFORE, this matter is properly removed from the Superior Court of the District of Columbia, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, and Brown & Williamson Tobacco Corp. v. Williams, and Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, supra. The underlying criminal case is not being removed and shall remain in Superior Court. This matter may be related within the meaning of Local Civ. R. 40.5 to Miscellaneous Action No. 08-93 RMC.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
## SUBPOENA

*In Forma Pauperis*

*Duces Tecum*

UNITED STATES
~~DISTRICT OF COLUMBIA~~

vs.

Joseph Greene

Case No. 2007-CF3-7845

To: Custodian of Records, Court Services and Offender Supervision Agency, 633 Indiana Ave NW, Washington, DC 20004

YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division ~~room~~/courtroom 311 → Judge Cushenberry of the Superior Court of the District of Columbia, 500 Indiana Avenue/~~Judiciary Center, 555 Fourth Street~~, N.W., Washington, D.C. on the 28th day of April, 2008, at 9:30 a.m./~~p.m.~~ as a witness for the Defense

☒ and bring with you any and all drug testing analyses and/or result(s) for drug test(s) taken in February 2007 and March 2007 by Daniel A. Jackson, SSN [redacted] DOB [redacted] DCDC# 258161; PDID # 399563

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this 24th day of April, 2008.

Officer in Charge

District

Clerk, Superior Court of the District of Columbia

Jason Tulley, Esq.
Attorney for ~~Government~~/Defendant

Phone No. 202-824-2434

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

Date: 4/24/08
Judge: [signature]

RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:

☒ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

| Name and Title of Individual Served | Address (If different than shown above) |
|---|---|
| Damon Pace - Attorney, CSOSA | |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

| Date(s) of Endeavor | Date and Time of Service |
|---|---|
| | 4/24/08 @ 10:55am |
| **REMARKS** | Signature of Title of Server Stephan Albers, PDS Investigator, 202-824-2522 |

CD-1012/Jan 00

*U.S. GPO: 2000-520-518/94582

**Court Services and Offender Supervision Agency
for the District of Columbia**

*Office of the General Counsel*

April 25, 2008

<u>**VIA FACSIMILE – 202/824-2691**</u>

Jason Tulley, Esquire
Public Defender Service for D.C.
633 Indiana Avenue, N.W.
Washington, DC 20004

Re:   **U.S. v. Joseph Greene, Case No. 2007 CF3-7845, D.C. Superior Court**

Dear Mr. Tulley:

This letter is in response to the subpoena you caused to be served on April 24, 2008, on the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA) demanding drug testing records pertaining to a third-party individual, Daniel A. Jackson.

As a federal executive branch agency, CSOSA has issued *Touhy* regulations that advise the public of the procedures that it follows in response to demands for testimony or documents in matters in which CSOSA is not a party. In <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951), the United States Supreme Court recognized the authority of an agency regulation that required agency approval prior to the production of government information by any employee. Relying on that case, federal executive branch agencies now routinely publish *Touhy* regulations that set forth their procedures for responding to demands for testimony or documents.

The *Touhy* regulations, which appear at 28 C.F.R. § 802.24 *et seq.* and are attached hereto, require CSOSA's General Counsel to approve all demands for documents or testimony in order to ensure compliance with the Privacy Act, other disclosure statutes (*e.g.*, 42 C.F.R. Part 2, drug and alcohol treatment records; D.C. Official Code §§ 7-1201.01 *et seq.*, D.C. Mental Health Information Act; and D.C. Official Code §§ 7-302 and 7-1605, HIV/AIDS/cancer confidentiality), and other applicable laws and regulations. Such approval must be provided prior to disclosure of any information sought by subpoena or other demand for the appearance of any person who is or was formerly an agency employee, or for the production of documents.

*633 Indiana Avenue, NW, Twelfth Floor, Washington, DC 20004
Voice: (202) 220-5355   Fax: (202) 220-5315*

    The purposes underlying the regulations are clearly set forth in 28 C.F.R. 802.27 and include "conserv[ing] the time of the agency for conducting official business" and "protect[ing] confidential, sensitive information and the deliberative processes of the agency." In general, the regulations are meant to ensure that disclosure of agency information is done in compliance with applicable law and that agency personnel and resources are used wisely and in an efficient manner. In the District of Columbia, the failure to secure approval under the *Touhy* regulations may act as a bar to enforcement of a state court subpoena. See Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211-12 & n. 4 (D.C. Cir. 1996) (in state tribunal, federal government shielded by sovereign immunity, preventing state court from enforcing a subpoena; only a federal court may entertain review of agency's decision to disallow testimony, generally limited to an abuse of discretion standard).

    Thus, when the Agency is served with a subpoena, the reviewing office must gather the necessary information, coordinate with affected interests, and review applicable statutes and case law in order to make a determination on whether the agency should comply with the demand and, if so, under what conditions and circumstances.

    In this instance, CSOSA would be unable to comply with the demands given consideration of all the relevant factors listed under 28 C.F.R. § 802.27(d)(1) & (2), unless you obtained the express written consent of Mr. Jackson that is required for the release of the information you seek.[1] Until such time as we receive the written consent, we are unable produce any records protected by any of the statutes in question.

    Please contact Damon Pace, Assistant General Counsel, at (202) 220-5354 to advise him how you intend to proceed relative to the provision of the proper written consent for the release of information.

Sincerely,

Arthur Elkins
General Counsel

Enclosure

---

[1] 28 C.F.R. 802.27(d) provides: "To achieve the purposes noted in paragraphs (a)(1) through (6) of this section, the agency will consider factors such as the following in determining whether a demand should be complied with: (1) The Privacy Act, 5 U.S.C. 522a; (2) Department of Health and Human Services statute and regulations concerning drug and alcohol treatment programs found at 42 U.S.C. 290dd and 42 CFR 2.1 *et seq.*; (3) The Victims Rights Act, 42 U.S.C. 10606(b); (4) D.C. statutes and regulations; (5) Any other state or federal statute or regulation; (6) Whether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose; (7) Whether disclosure is appropriate under the relevant substantive law concerning privilege; (8) Whether disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection; and (9) Whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired."

**Court Services and Offender Supervision Agency** §802.25

(3) Disclosures of your record made with your written consent.

(b) The accounting will include:

(1) The date, nature, and purpose of the disclosure; and

(2) The name and address of the person or entity to whom the disclosure is made.

(c) You may request access to an accounting of disclosures of your record. Your request should be in accordance with the procedures in §802.14. You will be granted access to an accounting of the disclosures of your record in accordance with the procedures of this part which govern access to the related record, excepting disclosures made for an authorized civil or criminal law enforcement agency as provided by subsection (c)(3) of the Privacy Act. You will be required to provide reasonable identification.

§802.21 Appeals.

You may appeal a denial of a request for an accounting to the Office of the General Counsel in the same manner as a denial of a request for access to records (See §802.16) and the same procedures will be followed.

§802.22 Fees.

The Agency shall charge fees under the Privacy Act for duplication of records only. These fees shall be at the same rate the Agency charges for duplication fees under the Freedom of Information Act (See §802.10(i)(1)).

§802.23 Use and disclosure of social security numbers.

(a) *In general.* An individual shall not be denied any right, benefit, or privilege provided by law because of such individual's refusal to disclose his or her social security number.

(b) *Exceptions.* The provisions of paragraph (a) of this section do not apply with respect to:

(1) Any disclosure which is required by Federal statute, or

(2) The disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

(c) *Requests for disclosure of social security number.* If the Agency requests an individual to disclose his or her social security account number, we shall inform that individual whether:

(1) Disclosure is mandatory or voluntary.

(2) By what statutory or other authority such number is solicited, and

(3) What uses will be made of it.

**Subpart D—Subpoenas or Other Legal Demands for Testimony or the Production or Disclosure of Records or Other Information**

§802.24 Purpose and scope.

(a) These regulations state the procedures which the Court Services and Offender Supervision Agency ("CSOSA" or "Agency") and the District of Columbia Pretrial Services Agency ("PSA" or "Agency") follow in response to a demand from a Federal, state, or local administrative body for the production and disclosure of material in connection with a proceeding to which the Agency is not a party.

(b) These regulations do not apply to congressional requests. Neither do these regulations apply in the case of an employee making an appearance solely in his or her private capacity in judicial or administrative proceedings that do not relate to the Agency (such as cases arising out of traffic accidents, domestic relations, etc.).

(c) This part is not intended and does not create and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States or specifically CSOSA or PSA.

§802.25 Definitions.

*Demand* means a request, order, or subpoena for testimony or documents to use in a legal proceeding.

*Employee* includes a person employed in any capacity by CSOSA or PSA, currently or in the past; any person appointed by, or subject to the supervision, jurisdiction, or control of the head of the Agency, or any Agency official, currently or in the past. A person who is subject to the Agency's jurisdiction or control includes any person

741

**§ 802.26**  28 CFR Ch. VIII (7-1-06 Edition)

who hired as a contractor by the agency, any person performing services for the agency under an agreement, and any consultant, contractor, or subcontractor of such person. A former employee is also considered an employee only when the matter about which the person would testify is one in which he or she was personally involved while at the Agency, or where the matter concerns official information that the employee acquired while working at the Agency, such as sensitive or confidential agency information.

*Legal Proceeding* includes any pretrial, trial, and post-trial state of any existing or reasonably anticipated judicial or administrative action, hearing, investigation, or similar proceeding before a court, commission, board, agency, or other tribunal, authority or entity, foreign or domestic. Legal proceeding also includes any deposition or other pretrial proceeding, including a formal or informal request for testimony made by an attorney or other person, or a request for documents gathered or drafted by an employee.

**§ 802.26  Receipt of demand.**

If, in connection with a proceeding to which the Agency is not a party, an employee receives a demand from a court or other authority for material contained in the Agency's files, any information relating to material contained in the Agency's files, or any information or material acquired by an employee as a part of the performance of that person's official duties or because of that person's official status, the employee must:

(a) Immediately notify the Office of the General Counsel and forward the demand to the General Counsel if the demand pertains to CSOSA; or

(b) Immediately notify the Deputy Director of PSA and forward the demand to the Deputy Director if the demand pertains to PSA.

**§ 802.27  Compliance/noncompliance.**

The General Counsel is responsible for determining if CSOSA should comply or not comply with the demand, and the Deputy Director of PSA is responsible for determining if PSA should comply with the demand.

(a) An employee may not produce any documents, or provide testimony regarding any information relating to, or based upon Agency documents, or disclose any information or produce materials acquired as part of the performance of that employee's official duties, or because of that employee's official status without prior authorization from the General Counsel or Deputy Director. The reasons for this policy are as follows:

(1) To conserve the time of the agency for conducting official business;

(2) To minimize the possibility of involving the agency in controversial issues that are not related to the agency's mission;

(3) To prevent the possibility that the public will misconstrue variances between personal opinions of agency employees and agency policies;

(4) To avoid spending the time and money of the United States for private purposes;

(5) To preserve the integrity of the administrative process; and

(6) To protect confidential, sensitive information and the deliberative process of the agency.

(b) An attorney from the Office of the General Counsel shall appear with any CSOSA employee upon whom the demand has been made (and with any PSA employee if so requested by the Deputy Director), and shall provide the court or other authority with a copy of the regulations contained in this part. The attorney shall also inform the court or authority that the demand has been or is being referred for prompt consideration by the General Counsel or Deputy Director. The court or other authority will be requested respectfully to stay the demand pending receipt of the requested instructions from the General Counsel or Deputy Director.

(c) If the court or other authority declines to stay the effect of the demand pending receipt of instructions from the General Counsel or Deputy Director, or if the court or other authority rules that the demand must be complied with irrespective of the instructions from the General Counsel or Deputy Director not to produce the material or disclose the information sought, the employee upon whom the demand

Court Services and Offender Supervision Agency                               § 802.28

was made shall respectfully decline to produce the information under *United States ex rel. Touhy* v. *Ragen*, 340 U.S. 462 (1951). In this case, the Supreme Court held that a government employee could not be held in contempt for following an agency regulation requiring agency approval before producing government information in response to a court order.

(d) To achieve the purposes noted in paragraphs (a)(1) through (6) of this section, the agency will consider factors such as the following in determining whether a demand should be complied with:

(1) The Privacy Act, 5 U.S.C. 522a;

(2) Department of Health and Human Services statute and regulations concerning drug and alcohol treatment programs found at 42 U.S.C. 290dd and 42 CFR 2.1 *et seq.*;

(3) The Victims Rights Act, 42 U.S.C. 10606(b);

(4) D.C. statutes and regulations;

(5) Any other state or federal statute or regulation;

(6) Whether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose;

(7) Whether disclosure is appropriate under the relevant substantive law concerning privilege;

(8) Whether disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection; and

(9) Whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.

## Subpart E—Exemption of Records Systems Under the Privacy Act

§ 802.28   Exemption of the Court Services and Offender Supervision Agency System—limited access.

The Privacy Act permits specific systems of records to be exempt from some of its requirements.

(a)(1) The following systems of records are exempt from 5 U.S.C. 552a(c)(3) and (4), (d), (e)(1)–(3), (4)(G)–(I), (5) and (8), (f) and (g):

(i) Background Investigation (CSOSA-7).

(ii) Supervision Offender Case File (CSOSA-9).

(iii) Pre-Sentence Investigations (CSOSA-10).

(iv) Supervision & Management Automated Record Tracking (SMART) (CSOSA-11).

(v) Recidivism Tracking Database (CSOSA-12).

(vi) [Reserved].

(vii) Substance Abuse Treatment Database (CSOSA-15).

(viii) Screener (CSOSA-16).

(ix) Sex Offender Registry (CSOSA-18).

(2) Exemptions from the particular subsections are justified for the following reasons:

(i) From subsection (c)(3) because offenders will not be permitted to gain access or to contest contents of these record systems under the provisions of subsection (d) of 5 U.S.C. 552a. Revealing disclosure accountings can compromise legitimate law enforcement activities and CSOSA responsibilities.

(ii) From subsection (c)(4) because exemption from provisions of subsection (d) will make notification of formal disputes inapplicable.

(iii) From subsection (d), (e)(4)(G) through (e)(4)(I), (f) and (g) because exemption from this subsection is essential to protect internal processes by which CSOSA personnel are able to formulate decisions and policies with regard to offenders, to prevent disclosure of information to offenders that would jeopardize legitimate correctional interests of rehabilitation, and to permit receipt of relevant information from other federal agencies, state and local law enforcement agencies, and federal and state probation and judicial offices.

(iv) From subsection (e)(1) because primary collection of information directly from offenders about criminal history or criminal records is highly impractical and inappropriate.

(A) It is not possible in all instances to determine relevancy or necessity of specific information in the early stages of a criminal or other investigation.

743

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Office of the U.S. Attorney<br>555 4th Street, N.W.<br>Civil Division<br>Washington, DC  20530<br><br>v.<br><br>JOSEPH GREENE<br>c/o Jason Tulley, Esq.<br>Public Defender Service<br>633 Indiana Avenue N.W.<br>Washington DC  20004<br><br>                    Defendant. | Case No.  2007-CF3-7845<br>Judge Cushenberry<br>CTD 4/29/08 |

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:  JOSEPH GREENE
     c/o Jason Tulley, Esq.
     Public Defender Service
     633 Indiana Avenue N.W.
     Washington DC  20004

PLEASE TAKE NOTE that on April 28, 2008, the United States Attorney for the District of Columbia filed with the Clerk of the United States District Court for the District of Columbia a Notice of Removal in the above captioned subpoena matter, pursuant to 28 U.S.C. §§ 1442(a)(1), and 1446.  The Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded."  See 28 U.S.C. § 1446(d).

A copy of the Notice of Removal (and attachments) are attached hereto.

        Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Notice of Removal and Notice of Filing of Notice of Removal of a Civil Action and attachments has been made by mailing copies thereof to:

Jason Tulley, Esq.
Public Defender Service
633 Indiana Avenue N.W.
Washington DC  20004

on this 28th day of April, 2008.

```
                                  /s/ W. Mark Nebeker
                          _____
                          W. MARK NEBEKER, DC Bar #396739
                          Assistant United States Attorney
                          Civil Division
                          555 4th Street, N.W.
                          Washington, DC  20530
                          (202) 514-7230
```